[Civ. No. 10733. Second Appellate District, Division One.—June 16, 1936.]

ALICE P. GLAZER, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

Mitchell, Silberberg & Knupp and Ross R. Hastings for Petitioner.

Everett W. Mattoon, County Counsel, D. DeCoster, Deputy County Counsel, Neil S. McCarthy, Franklin W. Peck and Howard P. Hall for Respondent.

DORAN, J.—Petitioner seeks a writ of mandate to compel the respondent court to set for hearing an order to show cause

and upon said hearing to hear and determine said matter upon the merits.

Petitioner, prior to November 26, 1930, was the wife of Benjamin Glazer. On that day an agreement was executed between them settling their property rights, with provision also for the maintenance and support of petitioner. Thereafter, petitioner filed suit for divorce, and, regarding the property settlement agreement, alleged as follows: "The parties hereto have heretofore effected a property settlement agreement, which agreement the plaintiff will offer the court for its confirmation and approval at the time of the hearing of this proceeding on its merits." The prayer of the complaint alleged as follows: " . . . that the court approve the property settlement agreement heretofore made between the parties hereto and incorporate the terms thereof in the Interlocutory Judgment of Divorce". Regarding the property settlement agreement the interlocutory decree provided as follows: "It is further adjudged and decreed that the property settlement heretofore effected between the parties dated November 26, 1930, offered in evidence and made a part of the file, is hereby approved and confirmed. Both plaintiff and defendant are hereby directed and ordered to comply with each and every term thereof." Thereafter, based on the affidavit of petitioner herein, said Benjamin Glazer was cited for contempt for refusing to comply with the terms of the interlocutory decree, and, in the same citation, was also required to show cause why certain other relief should not be granted.

At the hearing on the order to show cause, the trial judge denied the relief sought, and discharged said defendant Benjamin Glazer. Petitioner now contends that the trial court sustained the objection of defendant at the hearing upon the ground that the court was without jurisdiction, and that it was for that reason that the court refused to proceed with the hearing upon the order to show cause. Petitioner therefore seeks this writ to compel the lower court to try the issues on their merits, asserting in that connection that the sole question is "the jurisdiction of the (trial) court to take the necessary steps and make the necessary order to enforce the interlocutory judgment of divorce".

The respondent herein, on the other hand, contends that *mandamus* is not available to petitioner and in that con-

nection asserts that "the court below fully heard the matter, having before it at the time the entire file in the divorce case, which contained the complaint, the interlocutory and final decrees of divorce, the agreement, plaintiff's affidavit in support of her order to show cause in contempt, and defendant's answering affidavit"; furthermore, that "at the time of the hearing, counsel for both plaintiff and defendant stated to the court the matters presented to it for determination, plaintiff claiming that defendant was guilty of contempt for failing to comply with certain provisions of the interlocutory decree", and defendant contending to the contrary; that the matter was then and there fully argued by both sides to the controversy.

For consideration by this court the parties herein entered into a stipulation as to just what occurred at the hearing before the lower court; said stipulation contained the following: "Upon the conclusion of argument by respective counsel and an examination and discussion by court and counsel of the agreement, the decree and all the authorities cited, the court announced that it was ready to rule upon the matter. Thereupon the court held and determined that the only provision of the Interlocutory Judgment of Divorce which was enforceable upon the order to show cause was the provision ordering and directing defendant to pay to the plaintiff for her support and maintenance the sum of $1250.00 per month; that such payments were made an express term and provision of the decree; that counsel had stipulated that all such payments had been made, and it was not alleged in the affidavit of plaintiff that defendant had failed to make any of such monthly payments; that in this proceeding of a criminal nature the defendant could not be held guilty of contempt of court for failure to comply with an agreement not made part of the decree; that it should not be required that one examine exhibits or other papers in the record in aid of a decree." The same stipulation provided further as follows: "After about four hours of statements, arguments, examination of files and documents, and examination and discussion of authorities by counsel and court, counsel for plaintiff asked that the court clearly state for the record that the court declined to exercise jurisdiction, upon which the court stated that it had assumed and exercised jurisdiction and rendered decision, and also had explained why it had so decided."

Thus it will be seen that the matter was disposed of by the lower court upon its merits.

*Mandamus* is not available as a means of inquiring into the correctness of such decision. The record reveals that the trial judge assumed jurisdiction and disposed of all of the relevant and material issues raised by the citation and order to show cause.

The alternative writ hereinbefore granted by this court is vacated and discharged, and the petition for writ of mandate is denied.

Houser, P. J., and York, J., concurred.

An application by petitioner to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 13, 1936.